UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
Durham Division

**CRAIG CUNNINGHAM,**
**on behalf of himself and all others similarly situated,**

      **Plaintiff,**

v.                        No. 1:17-CV-24

**SHOPPERLOCAL, LLC,**

      **Defendant.**

## CLASS ACTION COMPLAINT

### Preliminary Statement

    Comes now Craig Cunningham ("Cunningham" or "Plaintiff"), on behalf of himself and all others similarly situated, and alleges as follows:

    1.  Plaintiff is bringing this class action against ShopperLocal, LLC ("ShopperLocal" or "Defendant") for its violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 and the regulations promulgated thereunder (the "TCPA").

    2.  Defendant, using an autodialer, caused to be made at least one (1) call to Plaintiff on his cell phone encouraging him to purchase advertising space on the back of cash register receipts. This call violated the TCPA, which prohibits the making of any advertising or telemarketing telephone calls to residential or cellular telephone lines using an automatic telephone dialing system without the prior express permission of the person to whom the call is made. Over the past four years, Defendant made thousands of identical or substantially similar calls to the residential and cellular telephones of thousands of persons throughout the United States without obtaining the prior express consent of the persons being called. Accordingly,

1

Plaintiff is bringing this class action.

## PARTIES

3. Plaintiff is a resident of Nashville, Tennessee.

4. Upon information and belief, ShopperLocal LLC is a North Carolina Limited Liability Company with its principal place of business at 2222 Cedwick Rd., Durham, NC 27713-2655. Upon information and belief, ShopperLocal, LLC runs the website CouponEasy.com.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

6. Venue is this judicial district is proper under 28 U.S.C. § 1391(b)(1) because this is the judicial district in which the Defendant resides.

## STATUTORY BACKGROUND

### The TCPA

7. The TCPA generally prohibits a person from making any telephone call using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service without the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. §§ 64.1200(a)(1)(iii).

8. Starting October 16, 2013, the TCPA generally prohibits a person from initiating or causing to be initiated any telephone call that introduces an advertisement or constitutes telemarketing using any automatic telephone dialing system to any telephone number assigned to a cellular or residential telephone number, without the prior express written consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. §§ 64.1200(a)(1)(iii), (a)(2).

9. The TCPA defines the term "automatic telephone dialing system" as "equipment which has the capacity--(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). *Accord* 47 C.F.R. § 64.1200(f)(2).

10. The TCPA defines the term "advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services." 47 C.F.R. § 64.1200(f)(1).

11. The TCPA defines the term "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

12. Paragraph (3) of 47 U.S.C. § 227(b) provides:

(3) Private right of action

    A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State --

    (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

    (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

    (C) both such actions

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

## DEFENDANT'S ILLEGAL CONDUCT

13. Upon information and belief, on May 18, 2015, Defendant, without Plaintiff's prior express consent, used an automatic telephone dialing system, within the meaning of the TCPA,

3

made, initiated and/or caused to be initiated a telephone call to Plaintiff's cellular telephone number, which was and remains 615-212-9191.

14. Plaintiff believes that an automatic telephone dialing system within the meaning of the TCPA was used to call Plaintiff's cell phone due to the long pause (of at least five seconds) between the time Plaintiff answered the call and someone got on the line, which is typical of auto-dialers. Furthermore, the call was impersonal and was clearly aimed at a mass audience. For example, at the end of the call, after speaking for several minutes, the caller could not recall Plaintiff's name.

15. Once someone finally got on the line, the caller offered, on behalf of Defendant, an opportunity to take part in a "major promotion" to purchase advertising space featuring his business on 800,000 "fully-colored, quick response ads and coupons right on the cash register receipts . . . with your company name and logo on back" which "by federal law, are handed over to every shopper that goes through the checkout scans in the Dollar General" (a store in Nashville, Tennessee). The caller informed Plaintiff that these advertisements would run over a 48-week period. The caller offered an "exclusive opportunity" to be one of just five companies advertised at that particular location of Dollar General. Caller informed Plaintiff that purchasing this space would cost $200 per month or $50 per week for one Dollar General location, or for $349 per month or $87 per week for two Dollar General locations in the Nashville area. Both options also included one year of advertising on the website CouponEasy.com. The caller asked for an upfront payment of one month, followed by monthly payments.

16. When Plaintiff asked which company the caller was with, the caller informed Plaintiff that he was working for a company that runs the website CouponEasy.com that had a contract with all Dollar Generals across the United States. Upon information and belief,

4

ShopperLocal, LLC runs the website CouponEasy.com. The caller gave his call back number as 919-813-7654 which, upon information and belief, is associated with ShopperLocal, LLC.

17. Plaintiff suffered concrete harm as a result of the above telephone call in that the telephone call tied up Plaintiff's telephone line, invaded Plaintiff's privacy and wasted Plaintiff's time.

18. Upon information and belief, over the last four years, Defendant, using an automatic telephone dialing system within the meaning of the TCPA, made thousands of telephone calls to cellular telephones of thousands of persons throughout the United States, without having received prior express consent from the called parties.

19. Upon information and belief, from October 16, 2013 to the present, Defendant, using an automatic telephone dialing system within the meaning of the TCPA initiated or caused to be initiated thousands of telephone calls, whose subject matter was identical or substantially similar to the subject matter of the call Defendant made to Plaintiff, to cellular and residential telephones of thousands persons throughout the United States, without having received prior express written consent from the called parties, that made the same or substantially similar advertising offer as that made to Plaintiff.

## CLASS ALLEGATIONS

20. Plaintiff brings this class action on behalf of himself and all others similarly situated, under Rules 23(a) and 23(b)(1)-23(b)(3) of the Federal Rules of Civil Procedure, for Defendant's violations of the TCPA.

21. Plaintiff seeks to represent two classes of individuals ("the Classes") defined as follows:

**Class A:** All persons in the United States, from four years prior to the filing of the instant

Complaint through the date of the filing of the instant Complaint, to whom, without obtaining the persons' prior express consent, Defendant, using an automatic telephone dialing system as defined in the TCPA, initiated and/or caused to be initiated calls to the persons' cellular telephones.

**Class B**: All persons in the United States, from October 16, 2013, through the date of the filing of the instant Complaint, to whom, without obtaining the person's prior express written consent, Defendant, using an automatic telephone dialing system as defined in the TCPA, made, initiated and/or caused to be initiated any calls to the persons' cellular telephones or residential telephones whose subject matter was identical or substantially similar to the subject matter of the call Defendant made to Plaintiff.

22. <u>Numerosity</u>: The Classes are so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective Classes' members through this class action will benefit both the parties and this Court.

23. Upon information and belief Classes A and B contain, at a minimum, thousands of members.

24. Upon information and belief, the Classes' sizes and the identities of the individual members thereof are ascertainable through Defendant's records, including, but not limited to Defendant's call records.

25. Members of the Classes may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to the Classes and deemed necessary and/or appropriate by the Court.

26. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the members of the

Classes. The claims of the Plaintiff and members of the Classes are based on the same legal theories and arise from the same unlawful conduct.

27. Defendant, using an automatic telephone dialing system within the meaning of the TCPA, initiated and/or caused to be initiated at least one telephone call to Plaintiff and each member of class A, without obtaining the called parties' prior express consent.

28. Defendant, using an automatic telephone dialing system as defined in the TCPA, made, initiated and/or caused to be initiated at least one telephone call to Plaintiff and each member of Class B, without obtaining the called parties' prior express written consent, whose subject matter was identical or substantially similar to the subject matter of the call Defendant made to Plaintiff.

29. <u>Common Questions of Fact and Law</u>: There is a well-defined community of common questions of fact and law affecting the Plaintiff and members of the Classes.

30. The questions of fact and law common to Plaintiff and Class A predominate over questions which may affect individual members and include the following

    a. Did Defendant's conduct of using an automatic telephone dialing system within the meaning of the TCPA to make, initiate or cause to be initiated at least one telephone call to Plaintiff and each member of Class A without obtaining the called parties' prior express consent, violate the TCPA?

    b. Are Plaintiff and the members of Class A are entitled to statutory damages from Defendant under the TCPA?

    c. Were Defendant's violations of the TCPA willful or knowing?

    d. Are Plaintiff and the members of Class A entitled to up to triple statutory damages

under the TCPA from Defendant for Defendant's willful and knowing violations of the TCPA?

e. Are Plaintiff and the members of the Class A entitled to a permanent injunction under the TCPA enjoining Defendant from continuing to engage in its unlawful conduct?

31. The questions of fact and law common to Plaintiff and Class B predominate over questions which may affect individual members and include the following:

a. Did Defendant's conduct of using an automatic telephone dialing system as defined in the TCPA to make, initiate and/or cause to be initiated at least one telephone call to Plaintiff and each member of Class B, whose subject matter was identical or substantially similar to the subject matter of the call Defendant made to Plaintiff, without obtaining the called parties' prior express wirtten consent violate the TCPA?

b. Are Plaintiff and the members of Class B entitled to statutory damages from Defendant under the TCPA?

c. Were Defendant's violations of the TCPA willful or knowing?

d. Are Plaintiff and the members of Class B entitled to up to triple statutory damages under the TCPA from Defendant for Defendant's willful and knowing violations of the TCPA?

e. Are Plaintiff and members of the Class B entitled to a permanent injunction under the TCPA enjoining Defendant from continuing to engage in its unlawful conduct?

32. <u>Adequacy of Representation</u>: Plaintiff is an adequate representative of the

8

Classes because Plaintiff's interests do not conflict with the interests of the members of the Classes. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Classes and has no interests antagonistic to the members of the Classes. Plaintiff has retained counsel who are competent and experienced in litigation in the federal courts and class action litigation.

33. <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of the claims of the Classes. While the aggregate damages which may be awarded to the members of the Classes are likely to be substantial, the damages suffered by individual members of the Classes are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Classes to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced against Defendant by any member of the Classes. The likelihood of the individual members of the Classes prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Classes. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

34. <u>Injunctive Relief</u>: Defendant has acted on grounds generally applicable to Plaintiff and members of Classes A and B, thereby making appropriate final injunctive relief with respect to Plaintiff and the members of Classes A and B as a whole.

## AS AND FOR A FIRST CAUSE OF ACTION

35. Plaintiff repeats each and every allegation contained in all of the above paragraphs and incorporates such allegations by reference.

36. By Defendant's above-described conduct, Defendant committed thousands of violations of the TCPA against Plaintiff and the members of Class A.

37. Accordingly, Plaintiff and the members of Class A are entitled to statutory damages from Defendant under 47 U.S.C. § 227(b)(3) of greater than $5,000,000 and an injunction against Defendant ordering it to cease their violations of the TCPA.

38. If it is found that Defendant willfully and/or knowingly violated the TCPA, Plaintiff and the members of Class A request an increase by the Court of the damage award against Defendant, described in the preceding paragraph, to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3) for willful or knowing violations, which amounts to greater than $15,000,000.

## AS AND FOR A SECOND CAUSE OF ACTION

39. Plaintiff repeats each and every allegation contained in all of the above paragraphs and incorporates such allegations by reference.

40. By Defendant's above-described conduct, Defendant committed thousands of violations of the TCPA against Plaintiff and the members of Class B.

41. Accordingly, Plaintiff and the members of Class B are entitled to statutory damages from Defendant under 47 U.S.C. § 227(b)(3) of greater than $5,000,000 and an injunction against Defendant ordering Defendant to cease its violations of the TCPA.

42. If it is found that Defendant willfully and/or knowingly violated the TCPA, Plaintiff and the members of Class B request an increase by the Court of the damage award

against Defendant, described in the preceding paragraph, to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3) for willful or knowing violations, which amounts to greater than $15,000,000.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for:

A.      An order certifying the Classes and appointing Plaintiff as the representative of the Classes and appointing the law firms representing Plaintiff as counsel for the Classes;

B.      An award to Plaintiff and the members of Class A of more than $5,000,000 against Defendant for Defendant's violations of the TCPA;

C.      If it is found that Defendant willfully and/or knowingly violated the TCPA, Plaintiff and the members of Class A request an increase by the Court of the damage award against Defendant, described in the preceding paragraph, to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3) for willful or knowing violations, which amounts to greater than $15,000,000;

D.      An injunction against Defendant, on behalf of Plaintiff and the members of Class A, prohibiting Defendant from violating the TCPA;

E.      An award to Plaintiff and the members of Class B of more than $5,000,000 against Defendant for Defendant's violations of the TCPA;

F.      If it is found that Defendant willfully and/or knowingly violated the TCPA, Plaintiff and the members of Class B request an increase by the Court of the damage award against Defendant, described in the preceding paragraph, to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3) for willful or knowing violations, which amounts to greater than $15,000,000;

G. An injunction against Defendant, on behalf of Plaintiff and the members of Class B, prohibiting Defendant from violating the TCPA;

H. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

This the 10th day of January, 2017.

Respectfully submitted,

*/s/ J. Matthew Norris*

J. Matthew Norris (Local Counsel)
Norris Law Firm, PLLC
P.O. Box 1318
Wake Forest, NC 27588
Tel: (919) 981-4475
Fax: (919) 926-1676
E-mail: jmn@ncconsumerlaw.com


BELLIN & ASSOCIATES LLC
Aytan Y. Bellin (Motion for Admission *pro hac vice* to be filed shortly)
50 Main Street, Suite 1000
White Plains, NY 10606
Tel: (914) 358-5345
Fax: (212) 571-0284
E-mail: aytan.bellin@bellinlaw.com

SCHLAM STONE & DOLAN LLP
Jeffrey M. Eilender (Motion for Admission *pro hac vice* to be filed shortly)
Seth D. Allen (Motion for Admission *pro hac vice* to be filed shortly)
26 Broadway
New York, New York 10004
Office: (212)344-5400
Fax: (212)344-7677
E-mail: jeilender@schlamstone.com

E-mail: sallen@schlamstone.com

*Attorneys for Plaintiff and the Proposed Classes*